Filed 7/23/13  P. v. Anderson CA2/7

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION SEVEN

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>v.<br><br>RICHARD WADE ANDERSON,<br><br>    Defendant and Appellant. | B245908<br><br>(Los Angeles County<br>Super. Ct. Nos. PA068384 &<br> PA068979) |

APPEAL from a judgment of the Superior Court of Los Angeles County, Harvey Giss, Judge.  Affirmed.

Richard Wade Anderson, in pro. per., and Cindy Brines, under appointment by the Court of Appeal, for Defendant and Appellant.

No appearance for Plaintiff and Respondent.

_____

In August 2010 Richard Wade Anderson assaulted George Noonan, who later died.[1] Anderson was charged in a two-count amended information on September 8, 2011 with assault by means of force likely to produce great bodily injury (Pen. Code, § 245, subd. (a)(1))[2] and willful, deliberate and premeditated murder (§ 187, subd. (a)).[3] The information specially alleged as to both counts Anderson had suffered three serious or violent felony conviction within the meaning of the three strikes law (§§ 667, subds. (b)-(i), 1170.12, subds. (a)-(d)) and had served two separate prison terms for felonies (§ 667.5, subd. (b)) (Super. Ct. L.A. case No. PA068384).[4]

In a separate superior court case Anderson was charged in a two-count amended information on October 4, 2011 with failing to register (§ 290, subd. (b)) and perjury (§ 118, subd. (a)) after he falsely stated his place of residence on his sex offender registration form in June 2010. As to both counts the information specially alleged Anderson had served three separate prison terms for felonies (§ 667.5, subd. (b)) (case No. PA068979).[5]

At his arraignment on each case Anderson appeared with appointed counsel and entered a plea of not guilty to the charges and denied the special allegations. Anderson later made three motions to have his appointed counsel relieved on both cases (*People v.*

---

[1]     The coroner advised the police the cause of Noonan's death was chronic alcohol abuse with a contributing factor of blunt-force head trauma.

[2]     Statutory references are to the Penal Code unless otherwise indicated.

[3]     In the information the People mistakenly referred to the murder as "attempted," which the trial court struck on the People's motion.

[4]     Case numbers refer to Los Angeles Superior Court cases.

[5]     The amended information in case No. PA068979 alleged Anderson had served separate prison terms within the meaning of section 667.5, subdivision (b), resulting from convictions for robbery (§ 211), forcible rape (§ 261, subd. (a)(2)) and sexual penetration by a foreign object (§ 289, subd. (a)), although the latter two convictions were part of the same case. The amended information in case No. PA068384 omitted the sexual penetration by a foreign object conviction, alleging that Anderson had served separate prison terms for robbery and forcible rape within the meaning of section 667.5, subdivision (b).

2

*Marsden* (1970) 2 Cal.3d 118), which the trial court heard and denied. The court also denied Anderson's requests to represent himself (*Faretta v.California* (1975) 422 U.S 806 [95 S.Ct. 2525, 45 L.Ed.2d 562]).

In case No. PA068384 the trial court granted Anderson's motion for discovery of police personnel records (Evid. Code, §§ 1043, 1045; *Pitchess v. Superior Court* (1974) 11 Cal.3d 531), reviewed the records in an in camera hearing and found discoverable information, which was provided to Anderson. Thereafter, the People filed a second amended information charging Anderson with a third count, voluntary manslaughter (§ 192, subd. (a)). The matter was trailed for jury trial and arraignment on the second amended information. On the morning trial was set to commence, the People filed a third amended information, adding two five-year serious felony allegations under section 667, subdivision (a)(1).

Following his arraignment on the third-amended information in case No. PA068384 on October 17, 2012, Anderson pleaded no contest, orally and in writing, to voluntary manslaughter. As part of the negotiated agreement Anderson was to be sentenced to the middle term of six years in state prison and the remaining counts and special allegations were to be dismissed. At the time he entered his plea Anderson, who was represented by appointed counsel, was advised of his constitutional rights and the nature and consequences of the negotiated agreement. The trial court found a factual basis for the plea and expressly found Anderson's waivers and plea were voluntary, knowing and intelligent.

In a second negotiated agreement the same day, this time in case No. PA068979, Anderson pleaded no contest, orally and in writing, to having failed to register as charged in count 1. As part of the negotiated agreement Anderson was to be sentenced to a term of eight months, consecutive to the six-year term to be imposed in case No. PA068384. In return, the remaining count and special allegations were to be dismissed. The cases were consolidated for sentencing, and the court ordered Anderson to return to court for sentencing on November 1, 2012.

On November 1, 2012 Anderson was sentenced in accordance with the negotiated agreements to an aggregate state prison term of six years eight months, consisting of the middle term of six years for voluntary manslaughter in case No. PA068384, plus eight months (one-third the middle two-year term) for failing to register in case No. PA068979. The court ordered Anderson to pay a $40 court security assessment, a $30 criminal conviction assessment, $129 in attorney fees and a $240 restitution fine. The court imposed and stayed a parole revocation fine pursuant to section 1202.45. Anderson was awarded a total of 931 days of presentence credit (810 actual days and 121 days of conduct credit). The remaining counts and special allegations were dismissed pursuant to the plea agreement.

Anderson filed a timely notice of appeal. He checked only the preprinted box indicating the "appeal is based on the sentence or other matters occurring after the plea that do not affect the validity of the plea." There is no certificate of probable cause in the record on appeal.

We appointed counsel to represent Anderson on appeal. After an examination of the record, counsel filed an opening brief in which no issues were raised. On May 3, 2013 we advised Anderson he had 30 days in which to personally submit any contentions or issues he wished us to consider. On May 20, 2013 Anderson filed a hand-printed supplemental brief in which he asserted there was evidence the victim, George Noonan, had died as a result of having been struck by a truck and suffering from cirrhosis of the liver.

A criminal defendant who appeals following a plea of no contest or guilty without a certificate of probable cause can only challenge the denial of a motion to suppress evidence or raise grounds arising after the entry of the plea that do not affect the plea''s validity. (Cal. Rules of Court, rule 8.304(b)(1).) To the extent Anderson is challenging the validity of his plea and his sentence imposed as part of his plea, his appeal is inoperative. To the extent Anderson is suggesting the existence of previously undiscovered evidence or ineffective assistance of counsel, his claim of error cannot be addressed in the context of this appeal because it relies on matters outside the appellate

record.  If cognizable at all, Anderson's claim must be pursued by a different, appropriate procedure.

With respect to other potential sentencing or post-plea issues that do not in substance challenge the validity of the plea itself, we have examined the record and are satisfied Anderson's attorney has fully complied with the responsibilities of counsel and no arguable issue exists.  (*Smith v. Robbins* (2000) 528 U.S. 259, 277-284 [120 S.Ct. 746, 145 L.Ed.2d 756]; *People v. Kelly* (2006) 40 Cal.4th 106, 112-113; *People v. Wende* (1979) 25 Cal.3d 436, 441.)

The judgment is affirmed.


PERLUSS, P. J.



We concur:



WOODS, J.



ZELON, J.



5